THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00239-MR-DLH

ROBERT V. WILKIE, Individually and )
as the acting Executor of the Estate )
of Judith Kathryn Sellers Wilkie, )
)
          Plaintiffs, )
)
vs. )    <u>O R D E R</u>
)
)
AMICA MUTUAL INSURANCE )
COMPANY, )
)
          Defendant. )
_____ )

**THIS MATTER** is before the Court on the Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2]. The Court will grant the Plaintiffs' Application [Doc. 2] but will *sua sponte* dismiss this action.

Because the Plaintiffs, who are proceeding *pro se*, seek to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and that it states a claim upon which relief can be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); <u>see also</u> <u>Michau v. Charleston County,</u>

S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").

The Plaintiffs[1] filed the present action on August 23, 2018. [Doc. 1]. In their Complaint, the Plaintiffs assert a claim for breach of "warranty contract" against the Defendant Amica Mutual Insurance Company. The Plaintiffs' allegations relate to a fire that occurred in the Plaintiffs' home and their dissatisfaction with the remediation efforts taken by the Defendant.

The Plaintiffs previously filed an action against Amica Mutual Insurance Company arising out of the same operative facts. [Civil Case No. 1:17-cv-00314-MR-DLH, Doc. 1]. In that case, the Plaintiffs asserted claims for negligence, deceptive trade practices, fraud, and breach of contract against the Defendant for its alleged failure to remediate the Plaintiffs' home after the fire. [Id.]. The Defendant moved to dismiss, and on May 22, 2018, the Court granted the Defendant's motion and dismissed the case. [Id., Doc. 15]. The Plaintiffs did not appeal, and therefore the judgment entered in that case is now final.

---

[1] Because Robert V. Wilkie brought this action in his individual capacity and in a representative capacity, there are two legal entities before this Court as plaintiffs. Hence the Plaintiffs are referred to in the plural, even though they are both Robert V. Wilkie.

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, "[r]es judicata ... encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Pueschel, 369 F.3d at 354 (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)). Here, the Plaintiffs seek to relitigate the same issues that they had asserted in the prior proceeding. To the extent that the Plaintiffs attempt to assert a new claim of breach of warranty, that claim clearly *could* have been raised in the prior proceeding. Accordingly, the doctrine of res judicata precludes the Plaintiffs' present action.

Because the Plaintiffs' present claims are barred by the doctrine of res judicata, the Court must dismiss the case. See Neitzke, 490 U.S. at 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). The

3

Court, however, will allow the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: September 11, 2018

Martin Reidinger
United States District Judge